UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ROGER ALLEN PLEUS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:12CV12 SNLJ |
| SECRETARY OF THE ARMY, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

Plaintiff, Captain Roger Allen Pleus, brought this action against defendant John M. McHugh, Secretary of the Army, Army Review Boards Agency, seeking removal of a Letter of Reprimand that was placed in his personnel file. Defendant concedes that plaintiff's claim is authorized under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, which permits review of final agency action on non-monetary military records claims. This matter is before the Court on the defendant's motion for summary judgment (#5).

**I. Background**

At all relevant times, plaintiff served as a Captain in the Army National Guard.

**A.    Events leading to Letter of Reprimand**

In 2006, plaintiff transferred from the Pennsylvania Army National Guard to the Missouri Army National Guard. Plaintiff applied for training in the Operation Warrior Training ("OWT") program in Fort Bragg, North Carolina, and, on February 12, 2007, Colonel Kesterson, plaintiff's regimental commander, wrote a letter releasing plaintiff from his home station of Fort Leonard Wood, Missouri to the OWT program at Fort Bragg.

-1-

Then, plaintiff apparently agreed to participate in the same program at his home station, Fort Leonard Wood. So, on April 9, 2007, Major General Sidwell, the Adjutant General ("TAG") for the Missouri National Guard, issued a "release memorandum" releasing plaintiff for duty to the OWT program at Fort Leonard Wood instead of Fort Bragg. His period of duty was scheduled for April 16, 2007 through April 14, 2008. Plaintiff was assigned as a teaching, advising, and counseling officer in Fort Leonard Wood, Missouri, in support of the OWT program.

On April 30, 2007, plaintiff received orders to report to active duty under Title 10 of the United States Code ("Title 10") by the Department of the Army Human Resources Command. He was ordered to report to Fort Bragg from May 9, 2007 until May 7, 2008. So, on May 2, plaintiff notified his supervisor and executive officer at Fort Leonard Wood that he would be resigning his position there so that he could report to Fort Bragg on May 9, 2007. Plaintiff's supervisor replied that plaintiff was not a Title 10 active duty soldier, and that Human Resources Command (the authority granting plaintiff's active duty orders) did not have the authority to order him to active duty without a release memo from the Missouri National Guard TAG. (Again, plaintiff's April 9 release memo from the Missouri National Guard TAG was for Fort Leonard Wood, not Fort Bragg.) The supervisor told plaintiff that she and the Missouri State Headquarters were looking into the assignment process at Human Resources Command and Fort Bragg to find out why the unauthorized order was published. The order mobilizing him to active duty with service at Fort Bragg "was an administrative error and [would] be revoked," she told him. Nonetheless, plaintiff submitted his resignation on May 3 in order to report to active duty at Fort Bragg.

During the investigation that ensued, plaintiff behaved inconsistently. First, plaintiff told two members of the leadership team that he did not know how his "packet" for active duty consideration got to Fort Bragg, and that he did not know how the TAG release letter got into the packet. Then he told a different commander, when asked how his "packet" got to Fort Bragg, that he had completed a "checklist" online. Further investigation into email traffic revealed that the plaintiff had in fact conversed with Fort Bragg personnel directly, and that he had sent the TAG Release letter authorizing his work at Fort Leonard Wood to Fort Bragg to complete his packet (even though the letter released plaintiff to work at Fort Leonard Wood, not Fort Bragg).

As a result of the investigation, on May 6, 2007, plaintiff received a Letter of Reprimand from Colonel Kesterson. The Letter stated that "[b]ased upon a commander's inquiry," he had determined that plaintiff intentionally provided him "with false information" and that plaintiff "personally submitted erroneous documentation to obtain a Title 10 tour."

### B. Plaintiff's response to and appeals for removal of Letter of Reprimand

Plaintiff responded to the Letter of Reprimand on May 25, 2007. He stated that the situation was a misunderstanding; that his previous statement that "he did not know" how the packet got to Fort Bragg was attributable to mild paranoia in response to being questioned; that the chronology did not support ulterior motives. On June 2, 2007, Colonel Kesterson forwarded all documents to Brigadier General Kay, the filing authority for the Official Military Personnel File ("OMPF"), and he recommended that the Letter be filed in plaintiff's OMPF. On July 19, 2007, Brigadier General Kay filed the Letter of Reprimand in plaintiff's OMPF.

Nearly a year later, on May 12, 2008, plaintiff applied for a correction of military records, stating that the Letter of Reprimand should be removed from his official file. In support, he

submitted the documents of the case and stated "I was never administered my Article 31 rights prior to being questioned, I never intentionally provided false information, and there was never any erroneous documentation submitted to obtain a Title 10 Tour of Active Duty."

The Department of the Army Suitability Evaluation Board ("DASEB") heard the case and, on November 4, 2008, determined that there was insufficient evidence to justify removal or transfer of the Letter of Reprimand from the official file. The DASEB observed that, under Army Regulation 600-37, once an official document is filed in the OMPF, it is presumed to be administratively correct and to have been filed pursuant to an objective decision by competent authority; thereafter, the burden of proof rests with the individual concerned "to provide evidence of a clear and convincing nature that the document is untrue or unjust, in whole or in part, thereby warranting its alteration or removal" from the OMPF. The DASEB concluded that plaintiff did not provide any evidence to show that the Letter of Reprimand was rendered in error or was unjust.

On June 24, 2009, plaintiff again applied for a records correction. He requested that the Letter of Reprimand and all related documents be removed from his OMPF. This time, in support of his request, he provided a December 17, 2008 letter from Major General Sidwell, the Missouri National Guard TAG, in which Major General Sidwell recommended that the Letter of Reprimand be removed from his file. Plaintiff stated that the letter from Major General Sidwell resulted from an investigation that plaintiff requested.

The letter from Major General Sidwell stated that "[a]fter a review and consideration by my office, I have decided to recommend and support the removal of the Letter of Reprimand and all documents that was placed in CPT Pleus' OMPF."

On January 19, 2010, the Army Board for Correction of Military Records ("Board") denied Plaintiff's application. The Board's decision stated that it was "evident that the applicant provided his superior officer erroneous or misleading" information and that Major General Sidwell's memorandum did not state that plaintiff did not mislead his superior officer and did not say that the applicant should not have been issued a Letter of Reprimand. Thus, the Board concluded that without evidence that the Letter of Reprimand was issued in error or as an injustice, there was an insufficient basis to grant plaintiff's request.

On September 1, 2010, Plaintiff then submitted a request for reconsideration to the Board. He stated that he did not mislead his regimental commander and that he did not submit erroneous or misleading information. In support of his application, he provided an additional letter from Major General Sidwell, dated December 18, 2008, which stated that "[i]n my final determination, I have concluded that Captain Pleus did not mislead his regimental commander and he did not submit erroneous and misleading information to obtain a Title 10 tour." He also stated that "[t]his was a complete injustice to Captain Pleus that he was issued the [Letter of Reprimand] and it was filed in his OMPF. Remove [the Letter of Reprimand] from Captain Pleus' OMPF."

On April 11, 2011, the Board denied Plaintiff's request for reconsideration. The Board decision noted that Army Regulation 600-37 provides that, once placed in the OMPF, the Letter of Reprimand becomes a permanent part of the soldier's file and will not be removed from or moved to another part of the OMPF unless directed by an appropriate authority. It was unclear to the Board how Major General Sidwell reached his determination, and plaintiff had not submitted a new commander's inquiry or a reinvestigation to support Major General Sidwell's

determination. The Board stated that when it removes unfavorable information from a personnel file, it only does so if it is untrue or unjust, and, in plaintiff's case, there was no evidence that the Letter of Reprimand was unjust or untrue or inappropriately filed in his official file.

On November 28, 2011, plaintiff wrote to John McHugh, Secretary of the Army, seeking to remove the Letter of Reprimand from his OMPF, alleging error to the decisions rendered by the Board. Mr. McHugh referred the letter to Rick Schweigert, the Chief of Congressional and Special Actions. On January 3, 2012, Mr. Schweigert responded to plaintiff, stating that the Board, in its deliberations, determined that the letter from Major General Sidwell was insufficient evidence or justification to overturn its earlier decision and that based on regulatory guidance, once a general officer Letter of Reprimand is filed in a soldier's record, only the Board has the authority to remove it.[1]

### C. Plaintiff's lawsuit and the instant motion

On January 17, 2012, Plaintiff filed suit in this Court, seeking removal of the Letter of Reprimand from his OMPF. Defendant seeks summary judgment on the administrative record.

Plaintiff responded to defendant's motion with a two-page "Motion to Dismiss Defendant's Motion for Summary Judgment." He stated that the defendant "invited redress through the Court," and that the defendant cannot now "ask for relief by means of no genuine issue of material fact and ask for summary judgment." Plaintiff asserts that he has "evidence to

---

[1] Plaintiff's letter to defendant McHugh was not included in plaintiff's OMPF or in records from the Board. Therefore, it is not included in the administrative record compiled by the agency. However, plaintiff attached the letter to Mr. McHugh and Mr. McHugh's response to his complaint, and the defendant therefor relied upon it in its summary judgment motion.

support genuine issues and material facts to present to the Court to show" that the Board was "abitrary and capricious." He states that the defendant's motion is "moot and should be denied."

The Court recognizes that plaintiff is *pro se*; however, plaintiff failed to cite to any evidence that would support his claim. Moreover, under the APA, the Court is limited to the administrative record, which defendant submitted with his motion, and which includes statements from plaintiff in which he provides his version of the facts. The Court read the administrative record, including plaintiff's submissions thereto. Defendant's reply memorandum — which was served on the plaintiff — notes that plaintiff failed to controvert any of the material facts relied upon by defendant and cites to and quotes Local Rule 7-4.01(E), which requires that all "matters set forth in the statement of movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party." As the defendant notes, plaintiff made no effort to respond to defendant's statement of facts, nor did plaintiff cite any portion of the record to support his contention that the Board acted arbitrarily and capriciously. *Pro se* litigants are not excused from complying with substantive or procedural law. *Farnsworth v. City of Kansas City*, 863 F.2d 33, 34 (8th Cir. 1988). It has now been nearly six months since defendant filed and served his reply memorandum, and the plaintiff has made no effort to remedy his failure to respond.

**II.     Scope of Review**

The Secretary of the Army may act through a board to correct any Army record when the Secretary considers it necessary to correct an error or to remove an injustice. *See* 10 U.S.C. § 1552(a)(1); *Watson v. Ark. Nat'l Guard*, 886 F.2d 1004, 1011 (8th Cir. 1989). This court has jurisdiction under 28 U.S.C. § 1331 to adjudicate the claims plaintiff has brought pursuant to the

APA, 5 U.S.C. § 702. *See Chandler v. United States Air Force*, 255 F.3d 919, 921 (8th Cir. 2001).

This Court's authority in reviewing such board decisions is limited. "Board decisions are subject to judicial review and can be set aside if they are arbitrary, capricious or not based on substantial evidence." *Chappell v. Wallace*, 462 U.S. 296, 303 (1983); *see also* 5 U.S.C. § 706(2)(A), (E).

"The arbitrary and capricious standard is a narrow one that reflects the deference given to agencies' expertise within their respective fields." *Henry v. United States Dep't of Navy*, 77 F.3d 271, 272 (8th Cir.1996). "As long as the agency provides a rational explanation for its decision, a reviewing court cannot disturb it." *Nat'l Wildlife Fed'n v. Whistler*, 27 F.3d 1341, 1344 (8th Cir.1994); *accord Henry*, 77 F.3d at 272–73 (observing that judicial review "is limited to deciding whether the Board's decisionmaking process was deficient, not whether the decision was correct"). Moreover, in the context of the Board's ruling, extreme deference is given "because of the confluence of the narrow scope of review under the APA and the military setting." *Henry*, 77 F.3d at 272. *See also Hall v. Secretary of the Army*, 259 F. Supp. 2d 939 (E.D. Mo. 2003).

In appraising the agency's factfinding, the term "substantial evidence" means "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions does not indicate that substantial evidence fails to support an agency's findings." *Henry*, 77 F.3d at 273 (citing *Baker v. Secretary of Health and Human Services*, 955 F.2d 552, 554 (8th Cir.1992)). The Court may not reach a conclusion different from the Board's merely because there is substantial evidence to support a different conclusion. *Henry*, 77 F.3d at 273.

Because the sole issue before the Court is a question of law based on the administrative record, summary adjudication is appropriate. *See, e.g.*, *Nokes v. United States Coast Guard*, 282 F. Supp. 2d 1085, 1087 (D. Minn. 2003). Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, demonstrates that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## III.     Discussion

First, the Court will address plaintiff's only argument offered in response to defendant's motion. Plaintiff argues that he was "invited" by the defendant to "seek redress through the Court to dispute the facts" surrounding the Letter of Remand. Plaintiff appears to believe that such an "invitation" by the defendant precludes the defendant from seeking summary judgment on plaintiff's claim. It appears that the "invitation" to which plaintiff refers is the Board's denial letter that states he is "not eligible for further reconsideration of this same matter by the Board," but that he has "the option to seek relief in a court of appropriate jurisdiction." The plaintiff's interpretation of that informational notice is incorrect.

Next, the Court turns to the Administrative Record below and its review of the Board's action. The Board determined that "the evidence presented does not demonstrate the existence of a probable error or injustice" such that it would order the Letter of Reprimand removed from plaintiff's OMPF. For this Court to overturn the Board's decision, the Court must find that the decision was "arbitrary, capricious or not based on substantial evidence." *Chappell*, 462 U.S. at 303.

The Court finds that the Board's decision denying plaintiff's request to remove the Letter of Reprimand from his OMPF was not arbitrary or capricious or otherwise contrary to law.

Rather, it appears to have been based on substantial evidence. The Board's finding that plaintiff received the Letter of Reprimand for intentionally providing false information and erroneous documentation to obtain a Title 10 tour is supported by the record. Even though plaintiff contends that he did not send the TAG release letter intended for Fort Leonard Wood to Fort Bragg to obtain active duty orders, plaintiff admitted in his written response to the Letter of Reprimand that he did not exhibit "complete candor" during his interviews with his superiors. He admits that he told those superiors that he did not know how his "application package" got to Fort Bragg, nor did he know how the TAG release letter got into the package. As plaintiff stated in his response to the Letter of Reprimand, he "should have been completely forthcoming from the start." Although his motive for sending the TAG release letter to Fort Bragg is unclear — and it may well be that he sent it in order to alert Fort Bragg that he had been released to duty elsewhere — it is not this Court's role to secondguess the Board's result; rather, this Court reviews "whether the Board's decisionmaking process was deficient." *Henry*, 77 F.3d at 272-73. Regardless of plaintiff's motive, it is clear (and, indeed, admitted) that plaintiff was not truthful from the beginning with his commanding officer. Here, the ample administrative record reveals that the Board's decisionmaking process was proper. *See also South Dakota v. Ubbelohde*, 330 F.3d 1014, 1031 (8th Cir. 2003) ("This standard of review gives great deference to the policy decisions made by the agency and does not allow a court to overturn an agency action merely because the court would have acted differently; a court may find an action to be arbitrary and capricious only when there is no rational basis for the policy choice."); *Nokes*, 282 F. Supp. 2d at 1088 ("The fact that the plaintiff or the court might disagree with the [Board's] conclusion is not a sufficient basis upon which to reverse the decision."). To the extent that plaintiff contends that

the Board should have acted differently in the face of the two letters from Major General Sidwell, the same analysis applies.

## IV.     Conclusion

Because plaintiff received a full and fair review by the Board that resulted in a decision rationally based on the facts in the record, summary judgment will be granted in favor of the defendant.

Dated this __8th__ day of November, 2012.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE